IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER STEPHEN JACKSON, et al.,

     Plaintiffs,

vs.                                                                                   Civ. No.  87-0839 JP/KBM

LOS LUNAS CENTER FOR PERSONS
WITH DEVELOPMENTAL DISABILITIES, et al.,

     Defendants,

and

THE ARC OF NEW MEXICO,

     Intervenor,

and

MARY TERRAZAS, et al.,

     Intervenors.

## MEMORANDUM OPINION AND ORDER

On May 20, 2009, Plaintiff/Intervenor Marjorie M. Clingenpeel filed Plaintiff/Intervenor

Majorie [sic] M. Clingenpeel's Motion to Withdraw as Class Member (Doc. No. 1661) ("Motion

to Withdraw").  Having reviewed the briefs, including supplemental briefs, the Court determines

that the Motion to Withdraw should be denied at this time in that Cindy Clingenpeel will remain

a member of the class.  Because at this point Cindy Clingenpeel will remain in the class,

Marjorie Clingenpeel rescinds her request to withdraw as a Plaintiff/Intervenor.

*A.  Background*

Plaintiff/Intervenor Marjorie Clingenpeel is the parent and legal guardian of class

member Cindy Clingenpeel.  Marjorie Clingenpeel and Cindy Clingenpeel's case manager,

Beverly A. Glassman, believe that it is no longer in Cindy Clingenpeel's best interest to remain a class member in this lawsuit because she is receiving and will continue to receive appropriate care. In fact, Ms. Glassman opined that "the additional monitoring and auditing requirements imposed by *Jackson* are excessive and disruptive as applied to Cindy." Affidavit of Beverly A. Glassman, Ex. 2 at ¶10 (attached to Plaintiff/Intervenor Majorie [sic] M. Clingenpeel's Motion to Withdraw as Class Member).

Marjorie Clingenpeel brought her Motion to Withdraw under Fed. R. Civ. P. 23(e) and 41(a)(2).[1] She requested that the Court allow her to withdraw as a Plaintiff/Intervenor and allow Cindy Clingenpeel to withdraw from the class. If the Court decided that Cindy Clingeenpeel should remain in the class, Marjorie Clingenpeel asked that she continue as a Plaintiff/Intervenor to protect her daughter's interests in this lawsuit. The Plaintiffs opposed the Motion to Withdraw arguing that Cindy Clingenpeel should remain in the class. Plaintiffs, on the other hand, did not oppose Marjorie Clingenpeel's request to withdraw as a Plaintiff/Intervenor.

Subsequent to the completion of the initial briefing of the Motion to Withdraw, Defendants decided to revise their system of monitoring the class members, and a work group established by the Honorable United States Magistrate Judge Karen B. Molzen drafted rules to minimize the impact of monitoring on class members. Judge Molzen, consequently, permitted Marjorie Clingenpeel and Plaintiffs to file supplemental briefs, which they did, on the affect of

---

[1]In footnote 4 of Plaintiff/Intervenor Majorie [sic] M. Clingenpeel's Reply in Support of Motion to Withdraw as Class Member (Doc. No. 1668) at 10, Marjorie Clingenpeel cited to Fed. R. Civ. P. 22 as another basis for withdrawing Cindy Clingenpeel from the class. The Court believes, however, that Marjorie Clingenpeel was actually referring to Fed. R. Civ. P. 21 because she quoted from Rule 21. Rule 21 refers to misjoinder and nonjoinder of parties. There is no evidence or argument in this case that Cindy Clingenpeel was somehow initially "misjoined" as a member of the class. Rule 21 does not provide a basis for withdrawing Cindy Clingenpeel from the class.

these new developments on the Motion to Withdraw.  Despite the changes to the monitoring

system, Marjorie Clingenpeel still contends that the Court should allow Cindy Clingenpeel to

withdraw from the class while Plaintiffs continue to argue against that contention.

*B.  Discussion*

    *1.  Rule 23(e)*

One of the Federal Rules of Civil Procedure Marjorie Clingenpeel relies on to support her

request to withdraw Cindy Clingenpeel from the class is Rule 23(e).  Rule 23(e) provides for the

voluntary dismissal, with court approval, of "claims, issues, or defenses of a <u>certified class</u>...."[2]

Emphasis added.  Plaintiffs correctly argue that Marjorie Clingenpeel's reliance on Rule 23(e) is

misplaced.  Rule 23(e) does not apply to the voluntary dismissal of individual class members'

claims; Rule 23(e) applies to the voluntary dismissal of an entire class action lawsuit.  *See, e.g.,*

*Eckert v. Equitable Life Assurance Society of U.S.*, 227 F.R.D. 60, 62 (E.D.N.Y. 2005).  *See also*

Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* §1797 at 75-77 (2005); 2003

Advisory Committee Notes to Rule 23(e)(1).  Hence, Rule 23(e) does not support Marjorie

Clingenpeel's request to withdraw Cindy Clingenpeel from the class.

    *2.  Rule 41(a)(2)*

Marjorie Clingenpeel further relies on Rule 41(a)(2) as a basis for her request to

withdraw Cindy Clingenpeel from the class.  "Rule 41(a)(2) requires a court to review a motion

by a plaintiff to dismiss a complaint if the action has proceeded beyond service of an answer or

of a motion for summary judgment, and there is not unanimous agreement among all parties

supporting the dismissal."  *County of Santa Fe, N.M. v. Public Service Co. of New Mexico*, 311

---

    [2]Moreover, Rule 23(e) provides that certain procedures apply to a voluntary dismissal
like notice to class members and a hearing.

F.3d 1031, 1047 (10th Cir. 2002).  In addition, "[d]ismissal under Rule 41(a)(2) is within the

sound discretion of the court.  In exercising that discretion, the purposes of Rule 41(a)(2) must

be taken into account.  Rule 41(a)(2) is designed 'primarily to prevent voluntary dismissals

which unfairly affect the other side, and to permit the imposition of curative conditions."  *Clark*

*v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)(citations omitted). Plaintiffs assert that Marjorie

Clingenpeel has failed to show that Rule 41(a)(2) applies to individual class members, like

Cindy Clingenpeel, who belong to a class action certified under Fed. R. Civ. P. 23(b)(1) and (2),

the class certification rules relevant to this lawsuit.[3]  Plaintiffs also correctly note that Rules

23(b)(1) and (2) do not give class members the right to opt-out of the class once they are a part

of that class.[4]  *See* Rule 23(c)(2).

Marjorie Clingenpeel cites to four cases in support of her request to withdraw Cindy

Clingenpeel from the class under Rule 41(a)(2):  *Brooks v. State Board of Elections*, 173 F.R.D.

552 (S.D. Ga. 1997); *Wimber by and through Wimber v. Department of Social and*

*Rehabilitation Services*, 156 F.R.D. 259 (D. Kan. 1994); *Catherwood v. Portland General Corp.*,

1992 WL 226930 (D. Ore. 1992); and *Beaver Assoc. v. Cannon*, 59 F.R.D. 509 (S.D. N.Y.

---

[3]A Rule 23(b)(1) class action is maintained if "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests...."  A Rule 23(b)(2) class action is maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole...."

[4]Unlike class actions certified under Rules 23(b)(1) or (2), a class member belonging to a class action certified under Rule 23(b)(3) has a right to opt-out of the class.  *See* Rules 23(c)(2)(B)(v), 23(c)(3)(B), and 23(e)(4).

1973).

In *Brooks*, the named plaintiffs moved to dismiss the class action complaint under Rule 41(a)(2) because the "case ha[d] become so drained of legal merit that to further advocate would only expose plaintiffs' counsel to F.R.Civ.P. 11 sanctions." 173 F.R.D. at 554.  The district court noted that although Rule 41(a)(2) does not require the application of Rule 23(e) which governs voluntary dismissals of class actions, "[w]ith little analysis, several courts nevertheless have applied Rule 23(e) to Rule 41(a)(2) dismissals."[5]  *Id*. at 553-54 (citing *Wimber*, 156 F.R.D. at 262-63; *Catherwood*, 1992 WL 226930 at *2; and *Dixon v. Miller*, 599 F.Supp. 395, 396 (N.D. Ill. 1984)).  Having decided to grant the motion to dismiss, the district court in *Brooks* went on to determine that if Rule 23(e) applied, no Rule 23(e) notice was required prior to dismissing the case.  In *Wimber*, like in *Brooks*, the named plaintiffs filed a Rule 41(a)(2) motion to dismiss the class action complaint and the district court decided that the notice and hearing requirements under Rule 23(e) were unnecessary.  In *Catherwood*, the named plaintiffs likewise filed a motion to dismiss the class action complaint. The district court construed the motion to dismiss to have been brought under Rule 41(a)(2) and granted the motion.  The district court also concluded that Rule 23(e) notification was not necessary.  In *Beaver Associates*, the plaintiff also moved to dismiss the class action complaint under Rule 41(a)(2).  The district court in that case struck the class action allegations because the plaintiff was not a proper representative for the class and dismissed the plaintiff's individual claims (with the exception of a derivative claim). None of these cases indicated which class action certification rule applied in each respective

_____

[5]The Court notes that if a plaintiff moves for a voluntary dismissal as a matter of right prior to the filing of an answer or motion for summary judgment, that motion is subject to Rule 23(e). *See* Rule 41(a)(1)(A).

case.

     *Brooks*, *Wimber*, and *Catherwood* can be distinguished from this lawsuit in several

important aspects.  To begin with, those cases involved 1) named plaintiffs who filed motions to

dismiss the entire lawsuit, and 2) the application of Rule 23(e).  In this case, Marjorie

Clingenpeel only seeks to withdraw Cindy Clingenpeel, a non-plaintiff class member, from the

lawsuit.  Moreover, as already mentioned, Rule 23(e) does not apply here because Marjorie

Clingenpeel does not seek to dismiss the entire class action.  Furthermore, *Beaver Associates* is

clearly distinguishable from this case based on the fact that the district court in *Beaver* applied

Rule 41(a)(2) to individual claims as opposed to class action claims like those raised in this

lawsuit.  Finally, all of these cases failed to consider how Rule 41(a)(2) interacts with Rule

23(b)(1) and (2) class actions which do not give class members a right to opt-out of the class.[6]

     Since the cited case law does not support Marjorie Clingenpeel's position that Rule

41(a)(2) provides a basis for withdrawing Cindy Clingenpeel from the class, the Court next

---

    [6]The Court discovered an interesting unpublished case from the Sixth Circuit which
discusses to some extent the interplay between Rule 41(a)(2) and Rule 23(b)(2) certified class
actions.  In *Austin v. Wilkinson*, 83 Fed. Appx. 24 (6th Cir. 2003), a plaintiff class representative
of a Rule 23(b)(2) class action moved under Rule 41(a)(2) to dismiss only himself from the class
action lawsuit.  The district court did not rule on the motion to dismiss but went ahead and
certified a class settlement under Rule 23(e).  The Sixth Circuit stated: "Rule 23(b)(2) class
actions are mandatory class actions, in that class members are given no opportunity to opt out of
the action.  Thus, even if through Rule 41 [Plaintiff] could have been dismissed as a class
representative, he would still be bound by the settlement, if proper, as part of the settlement
class."  *Id.* at 25 (citations and footnote omitted). The Sixth Circuit affirmed the district court's
decision to approve the settlement.  One could read *Austin* as suggesting that even if Cindy
Clingenpeel was a named plaintiff who could move for dismissal under Rule 41(a)(2), as a
member of the class she would still be subject to the consent decree's monitoring and auditing
requirements due to the mandatory nature of the Rule 23(b)(1) and (2) class actions.  Although
*Austin* is somewhat persuasive, as an "unpublished" case from another Circuit, it has no
precedential value and its remarks regarding Rule 41(a)(2) are mere *dicta* since the Sixth Circuit
did not rule on the motion to dismiss.  *See* 10th Cir. R. 32.1(a)("Unpublished decisions are not
precedential, but may be cited for their persuasive value.").

examines how to reconcile the plain language of Rule 41(a)(2) which generally allows for

voluntary dismissals and the more specific Federal Rules of Civil Procedure which do not give

class members in a Rule 23(b)(1) and (2) class action a right to opt-out of the class.  The Tenth

Circuit recognizes that "a fundamental canon of statutory interpretation holds that, when there is

an apparent conflict between a specific provision and a more general one, the more specific one

governs, regardless of the priority of the provisions' enactment."  *United States v. Castro-Rocha*,

323 F.3d 846, 851 (10th Cir. 2003), *abrogated on other grounds by Lopez v. Gonzales*, 549 U.S.

47 (2006)(citing *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*,

215 F.3d 1005, 1013 (9th Cir. 2000)).  Applying this canon of statutory interpretation to this

case, it is clear that the more specific class action rules trump the more general rules on

voluntary dismissals.  Hence, the Court should look to the class action rules on opting-out to

resolve this Motion to Withdraw.  In the alternative, the Court could also simply exercise its

discretion and deny the Rule 41(a)(2) Motion to Withdraw because granting a voluntary

dismissal would unfairly affect the Plaintiffs by allowing individual class members to

circumvent the class action and its accompanying rules. In sum, the Court concludes that it is

appropriate to apply the rules regarding class actions to analyze Marjorie Clingenpeel's request

to withdraw Cindy Clingenpeel from the class, instead of the more general Rule 41(a)(2) for

voluntary dismissals.

   *3.  The Ability of a Class Member to Opt-Out of Rule 23(b)(1) and (2) Class Actions*

   As a starting point, it is well-established that class "certification under Rules 23(b)(1) and

(2) carries no right to opt-out."  *Elliott Industries Ltd. Partnership v. BP America Production

Co.*, 407 F.3d 1091, 1104 (10th Cir. 2005).  Marjorie Clingenpeel, however, correctly observes in

her reply that the district courts have, on occasion, exercised their discretion in allowing class

members to opt-out of these types of class actions.[7]  The authority which permits class members

to opt-out in Rule 23(b)(1) and (2) class actions arises under Rule 23(d)(1)(e).  "Rule 23(d)

provides district courts with the means to facilitate 'the fair and efficient conduct of the action.'"

*Messier v. Southbury Training School*, 183 F.R.D. 350, 354 (D. Conn. 1998)(citing *County of*

*Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1304 (2nd Cir. 1990) and quoting 1966

Advisory Committee Notes to Rule 23(d)).

       The case law on when a district court can use its discretion to allow class members to

opt-out of a Rule 23(b)(1) or (2) class action is, however, unsettled.  *See Eubanks v. Billington*,

110 F.3d 87, 94-95 (D.C. Cir. 1997); 146 A.L.R. Fed. 563 at §2 (1998)("courts have reached

inconsistent results on whether members of classes certified under Rule 23(b)(1) or 23(b)(2) may

opt out of the class.").  Nonetheless, several general principles have arisen from the cases with

respect to this issue.  For instance, "as a general matter, courts should not permit opt-outs when

doing so would undermine the policies behind (b)(1) or (b)(2) certification...." *Eubanks*, 110

F.3d at 94-95.  With respect to Rule 23(b)(2) class actions, "[t]he theory underlying the less

stringent notice requirements is that in the Rule 23(b)(2) actions there is purportedly a higher

degree of 'cohesiveness or unity in the class' than in Rule 23(b)(3) class actions, which reduces

the need for notice and exclusion."  Rubenstein, Conte, and Newberg, 5 *Newberg on Class*

*Actions* at §16:17 (4th ed.)(updated June 2009).  "This cohesiveness is claimed to result from

both the group nature of the harm alleged and the broad character of the relief sought." *Penson*

*v. Terminal Transport Co., Inc.*, 634 F.2d 989, 994 (5th Cir. 1981).  Moreover, "the broad unitary

relief sought [in Rule 23(b)(2) class actions] would necessarily apply to all members of the class,

---

       [7]Curiously, Plaintiffs did not respond to this observation in their surreply.

even those opting out of the lawsuit."  5 *Newberg on Class Actions* at §16:17.  To summarize,

courts have permitted opt-outs in Rule 24(b)(2) class actions as well as in Rule 24(b)(1) class

actions to protect absent class members' interests when those interests diverge from that of the

class.  *Id*.  *See also* 32B Am. Jur.2d Federal Courts at §1797 (updated May 2009)("a court may

conclude that the claims of particular class members are unique or sufficiently distinct from the

claims of the class as a whole, and that opt-outs should be permitted on a selective basis.").  On

the other hand, allowing opt-outs "in Rule 23 (b)(1) or (b)(2) actions, which usually seek

declaratory or injunctive relief, would be counterproductive. The fact that some class members

may be satisfied with the challenged activity is irrelevant when relief would be beneficial to all

members of the class."  5 *Newberg on Class Actions* at §16:17.

When these principles are pieced together, in combination they suggest that a district

court would abuse its discretion-in ensuring a "fair and efficient conduct" of a Rule 23(b)(1) and

(2) class action-if it were to grant an opt-out for a particular class member when the class already

adequately protects the interests of that class member.  In other words, a class member seeking

to opt-out must have an interest which is unique from the interests of the class so that the class

would be unable to adequately protect that unique interest. Simply asserting that one is satisfied

with the treatment received by a defendant would not constitute a unique interest which the class

cannot adequately protect.

In this case, Marjorie Clingenpeel requested that Cindy Clingenpeel be withdrawn from

the class because she is receiving appropriate care and will continue to receive appropriate care,

and because Marjorie Clingenpeel was unhappy with the excessive and disruptive monitoring

and auditing of Cindy Clingenpeel.  As noted, satisfaction with the *status quo* is insufficient to

justify a discretionary opt-out.  Moreover, since Defendants have agreed to change their

procedures to address the monitoring and auditing concerns expressed by Marjorie Clingenpeel, it appears that the class will adequately protect Cindy Clingenpeel's interest in not being excessively monitored and audited.  At this time there does not appear to be a unique reason why Cindy Clingenpeel should be permitted to opt-out of the class and otherwise disturb the unity and cohesiveness of this Rule 23(b)(1) and (2) class action.  Accordingly, the Court declines to exercise its discretion to permit Cindy Clingenpeel to opt-out of the class now.  However, this ruling will not prohibit Marjorie Clingenpeel from again requesting the same relief in the future if excessive monitoring and/or auditing were to recur.

*C.  Conclusion*

Cindy Clingenpeel will remain a member of the class.  Since Cindy Clingenpeel will remain in the class, Marjorie Clingenpeel, per her request, will remain as a Plaintiff/Intervenor.

IT IS ORDERED that:

1.  Plaintiff/Intervenor Majorie [sic] M. Clingenpeel's Motion to Withdraw as Class Member (Doc. No. 1661) is denied in that Cindy Clingenpeel will remain a member of the class; and

2.  Since Marjorie Clingenpeel rescinds her request to withdraw as a Plaintiff/Intervenor, she will remain a Plaintiff/Intervenor.

_____
SENIOR UNITED STATES DISTRICT JUDGE