IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER STEPHEN JACKSON, et al.,

    Plaintiffs,

vs.                                                Civ. No. 87-0839 JP/KBM

LOS LUNAS CENTER FOR PERSONS WITH
DEVELOPMENTAL DISABILITIES, et al.,

    Defendants,

and

ARC OF NEW MEXICO,

    Intervenor,

and

MARY TERRAZAS, et al.,

    Intervenors *pro se*.

MEMORANDUM OPINION AND ORDER

    Defendants ask the Court to strike PLAINTIFFS' MEMORANDUM OF LAW REGARDING WHETHER ALL REMAINING OBLIGATIONS OF THE CASE SHOULD BE TERMINATED (Doc. No. 1883) (Termination Brief), filed Nov. 2, 2011.  *See* DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' PLEADING ENTITLED PLAINTIFFS' MEMORANDUM OF LAW REGARDING WHETHER ALL REMAINING OBLIGATIONS OF THE CASE SHOULD BE TERMINATED [DOC. 1883] (Doc. No. 1890) (Motion to Strike), filed Nov. 21, 2011.  Having reviewed the briefs and relevant law, the Court determines that it should not strike the Termination Brief.

*A. Background*

On April 26, 2011, Defendants filed DEFENDANTS' RULE 60(b)(5) MOTION AND SUPPORTING MEMORANDUM TO TERMINATE ALL REMAINING ORDERS IN JACKSON et al. v. FSH & TS et al. (Doc. No. 1830) (Defendants' Rule 60(b)(5) Motion). At the pretrial conference on the following day, the Court held Defendants' Rule 60(b)(5) Motion in abeyance until after the evidentiary hearing on Plaintiffs' contentions that Defendants have been in noncompliance with Court orders, and that Defendants have violated federal law. Subsequent to the June 2011 evidentiary hearing, the Court sent a letter to counsel on August 19, 2011regarding what the Court expected in the proposed findings of fact and conclusions of law stemming from the evidentiary hearing. Because the Defendants' Rule 60(b)(5) Motion was still pending, the Court advised counsel to include in the proposed findings of fact and conclusions of law "the issue of whether this case should be terminated." Aug. 19, 2011 letter at 3.

Then, at a status conference held on October 25, 2011, Defendants stated that they planned to file a renewed Rule 60(b)(5) motion with additional arguments and evidence. The parties agreed that limited discovery would be needed with respect to a renewed Rule 60(b)(5) motion. The Court noted that it would make sense for Defendants to decide whether to file a renewed Rule 60(b)(5) motion after the Court had ruled on Plaintiffs' noncompliance and federal law violation claims. Although the discussion at the status conference clarified how Defendants would proceed with Defendants' pending Rule 60(b)(5) Motion, Plaintiffs, nonetheless, filed a Termination Brief on November 2, 2011 in response to that motion. As of November 2, 2011, the Court had not yet ruled on the noncompliance and federal law violation claims, Defendants had not yet filed a renewed Rule 60(b)(5) motion, and limited discovery on the Rule 60(b)(5) issues had not been conducted. In fact, Plaintiffs concede in their Termination Brief at 2-3 n. 3

2

that "[i]n the event that the defendants re-file their motion, the plaintiffs will conduct the discovery needed to address the defendants' factual assertions and then file a formal response to the re-filed motion."

*B. Discussion*

Fed. R. Civ. P. 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A plain reading of Rule 12(f) clearly indicates that a motion to strike applies only to pleadings, not to briefs. *See* Fed. R. Civ. P. 7(a) (Pleadings only include a complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; a third-party complaint; and "if the court orders one, a reply to an answer."). Courts have found that "[m]otions to strike are disfavored and infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *J & J Sports Productions, Inc. v. Luhn*, 2011 WL 5040709 *1 (E.D. Cal.) (slip copy). Moreover, a motion to strike should be granted only if a party would be prejudiced if the subject of the motion to strike is not stricken. *Id*. Courts have, however, modified Rule 12(f) to include an exception which allows a court to "'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" *Miller v. Monumental Life Ins. Co.*, 761 F.Supp.2d 1123, 1143 (D.N.M. 2009) (quoting *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 2008 WL 2230774 *1 (S.D. Ohio) (unpublished decision)). *See also In re Hopkins*, 1998 WL 704710 *3 n. 6 (10th Cir.) (unpublished decision) ("As all of Hopkins' briefs were non-complying, ... it was well within the discretion of the district court to strike them."); *Cheek v. Garrett*, 2011 WL 839861 *2 (D. Utah) (slip copy) ("Because this second memorandum is not in compliance with Utah Federal Court Rules for filing memorandum and because Plaintiffs did not seek the

...
...

Court[']s permission to avoid [non]compliance, Plaintiffs' second memorandum will be stricken.").

Although Plaintiffs should have realized at the October 25, 2011 status conference that the Court did not expect Plaintiffs to file a termination brief until after Defendants had decided to file a renewed Rule 60(b)(5) Motion and limited discovery was conducted on the termination issues, the Court recognizes that the Defendants' Rule 60(b)(5) Motion is still pending, albeit in abeyance, and that the August 19, 2011 letter advised counsel to address the termination issue. Even so, the Termination Brief is simply premature. As Plaintiffs admit in their Termination Brief, if and when Defendants file a renewed Rule 60(b)(5) motion, the Plaintiffs will file a new response which will be based on new limited discovery and perhaps based on new arguments as well. The Court is, therefore, not inclined to consider the Termination Brief at this time since Plaintiffs will probably file a new termination brief at the appropriate time.

In addition, Rule 12(f) does not apply to briefs nor does the court-made exception to Rule 12(f) apply to the Termination Brief which Plaintiffs apparently filed to comply with the Court's August 19, 2011 letter. Furthermore, none of the parties will be prejudiced if the Termination Brief is not stricken since the Court will not consider the Termination Brief at this time and the Plaintiffs will have a full and fair opportunity to respond to a renewed Rule 60(b)(5) motion. The Court will consider the Termination Brief, if necessary, only once a renewed Rule 60(b)(5) motion is filed. Because motions to strike are disfavored, especially if the matter to be stricken is relevant to the litigation, the Court will deny the Motion to Strike.

IT IS ORDERED that DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' PLEADING ENTITLED PLAINTIFFS' MEMORANDUM OF LAW REGARDING WHETHER ALL REMAINING OBLIGATIONS OF THE CASE SHOULD BE

TERMINATED [DOC. 1883] (Doc. No. 1890) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE