IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER STEPHEN JACKSON, et al.,

    Plaintiffs,

vs.                                            Civ. No. 87-0839 JP/KBM

LOS LUNAS CENTER FOR PERSONS WITH
DEVELOPMENTAL DISABILITIES, et al.,

    Defendants,

and

ARC OF NEW MEXICO,

    Intervenor,

and

MARY TERRAZAS, et al.,

    Intervenors *pro se*.

MEMORANDUM OPINION AND ORDER

Plaintiffs contend that it is premature to respond to DEFENDANTS' OPPOSED MOTION FOR PARTIAL DISENGAGEMENT AND MEMORANDUM IN SUPPORT REGARDING PLAN OF ACTION APPENDIX 15, ASHTON RECOMMENDATIONS (Doc. No. 1898) (Motion for Partial Disengagement), filed December 15, 2011. *See* PLAINTIFFS' OPPOSED MOTION FOR ADMINISTRATIVE DISMISSAL OF, OR IN THE ALTERNATIVE FOR STAY OF BRIEFING ON, OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' OPPOSED MOTION FOR PARTIAL DISENGAGEMENT AND MEMORANDUM IN SUPPORT REGARDING PLAN OF ACTION APPENDIX 15, ASHTON RECOMMENDATIONS (Doc. No. 1905) (Motion to

Delay Response), filed Jan. 6, 2012.  Plaintiffs argue that the issue of whether Defendants have complied with Appendix 15 of the Plan of Action (POA), also known as the Ashton Recommendations, is already before the Court in PLAINTIFFS' RENEWED MOTION FOR FURTHER REMEDIAL RELIEF TO REMEDY NONCOMPLIANCE (Doc. No. 1888) (Renewed Noncompliance Motion), filed November 14, 2011.  Consequently, Plaintiffs assert that it is premature to address the Motion for Partial Disengagement before the Court rules on the Renewed Noncompliance Motion.  Plaintiffs request that the Court dismiss the Motion for Partial Disengagement without prejudice and grant Defendants leave to refile the Motion for Partial Disengagement after the Court rules on the Renewed Noncompliance Motion.  In the alternative, Plaintiffs request that the Court stay briefing on the Motion for Partial Disengagement until 30 days after the Court rules on the Renewed Noncompliance Motion.  Also, in the alternative, Plaintiffs request that the Court extend the time to respond to the Motion for Partial Disengagement until 14 days after Plaintiffs have deposed Jennifer Thorne-Lehman and Janet Simons, and received the transcripts of those depositions.

      Defendants oppose the Motion to Delay Response for several reasons.  First, Defendants contend that the issue of Defendants' compliance with Appendix 15 of the POA is not before the Court in the Renewed Noncompliance Motion.  Second, Defendants contend that there is no reason for Plaintiffs to depose Jennifer Thorne-Lehman and Janet Simons.  Third, Defendants contend that Plaintiffs fail to cite legal authority for dismissing the Motion for Partial Disengagement without prejudice.

Plaintiffs clearly raise the issue of Defendants' compliance with Appendix 15 of the POA, i.e., the Ashton Recommendations, in the Renewed Noncompliance Motion at 18-19, 21.[1] For example, Plaintiffs assert in the Renewed Noncompliance Motion at 21 that "Defendants' persistent failure to implement the recommendations made by Ellen Ashton ... are having catastrophic effects on the health, and even lives, of class members." In addition, PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (Doc. No. 1884) at 62-66, 191 raise the issue of Defendants' compliance with the Ashton Recommendations.

Since compliance with Appendix 15 of the POA is an issue which is raised in the Renewed Noncompliance Motion and will necessarily be addressed when the Court rules on the Renewed Noncompliance Motion, the Court determines that it is premature at this time to brief the Motion for Partial Disengagement. The Court believes that the best course of action to take is to dismiss the Motion for Partial Disengagement without prejudice and to grant Defendants leave to refile that motion after the Court rules on the Renewed Noncompliance Motion. Moreover, Plaintiffs' failure to cite to legal authority to support their request to dismiss the Motion for Partial Disengagement without prejudice is not fatal to that request. It is well-established that courts have an "inherent power to regulate [their] docket and promote judicial efficiency." *Air Conditioning, Heating and Refrigeration Institute v. City of Albuquerque*, ___ F.Supp.2d ___, 2010 WL 8056412 *7 (D.N.M.) (unpublished decision) (citing *Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000)). Since the Court will dismiss the Motion for

---

[1] On page 18 of the Renewed Noncompliance Motion, Plaintiffs refer to Activity #5 of Appendix 12 (Desired Outcome A) of the POA which states that the "DD Division will implement the relevant recommendations of Ellen Ashton from her audits performed at Los Lunas." POA at 128. On August 10, 2010, the parties stipulated to creating a new Appendix 15 of the POA which entails Activity #5 and its Ashton Recommendations. STIPULATION (Doc. No. 1744) at 2.

Partial Disengagement without prejudice and will grant Defendants leave to refile that motion after the Court rules on the Renewed Noncompliance Motion, it is unnecessary at this time to address Defendants' contention that Plaintiffs do not have an adequate justification for conducting further depositions in order respond to the Motion for Partial Disengagement.

IT IS ORDERED that

1. PLAINTIFFS' OPPOSED MOTION FOR ADMINISTRATIVE DISMISSAL OF, OR IN THE ALTERNATIVE FOR STAY OF BRIEFING ON, OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' OPPOSED MOTION FOR PARTIAL DISENGAGEMENT AND MEMORANDUM IN SUPPORT REGARDING PLAN OF ACTION APPENDIX 15, ASHTON RECOMMENDATIONS (Doc. No. 1905) is granted;

2. DEFENDANTS' OPPOSED MOTION FOR PARTIAL DISENGAGEMENT AND MEMORANDUM IN SUPPORT REGARDING PLAN OF ACTION APPENDIX 15, ASHTON RECOMMENDATIONS (Doc. No. 1898) is dismissed without prejudice; and

3. Defendants are granted leave to refile DEFENDANTS' OPPOSED MOTION FOR PARTIAL DISENGAGEMENT AND MEMORANDUM IN SUPPORT REGARDING PLAN OF ACTION APPENDIX 15, ASHTON RECOMMENDATIONS (Doc. No. 1898) after the Court rules on PLAINTIFFS' RENEWED MOTION FOR FURTHER REMEDIAL RELIEF TO REMEDY NONCOMPLIANCE (Doc. No. 1888).

_____
SENIOR UNITED STATES DISTRICT JUDGE