IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

WALTER STEPHEN JACKSON, et al.,

     Plaintiffs,

v.                                                                    Civ. No. 87-0839 JP/KBM

LOS LUNAS HOSPITAL AND TRAINING SCHOOL,
et al.,

     Defendants,

and

THE ARC OF NEW MEXICO,

     Intervenor,

and

MARY TERRAZAS, et al.,

     Intervenors.

## ORDER OF RECUSAL

THIS MATTER comes before the Court sua sponte.  I have received notice from the Article III District Judges that the Magistrate Judge Merit Selection Panel ("Panel") will be conducting an Interim Performance Assessment of magistrate judges who are in the middle of their terms, of which I am one.  Attorney Philip Davis, one of the many lawyers who represent the Plaintiffs in this case, serves as a member of the Panel.

I conclude that Canon 3C(1) of the Judicial Code of Conduct requires that I recuse from this case during the time that the Panel will be conducting its assessment.  In an advisory opinion directly on point, the Committee on Codes of Conduct

determined that a magistrate judge is required to recuse from any cases in which a

Panel member appears as an attorney or party. See Advisory Opinion No. 97 (June

2009).  At the completion of the process, Presiding Judge Parker can again reassign

me as the referral judge if he chooses to do so.  *Id.*

I have considered the remittal procedure outlined in Canon 3D for me to remain

on this case, but it is especially problematic because of the requirement that all parties

as well as their attorneys file written waivers after receiving notice of the basis for

disqualification.  Given that the Interim Performance Assessment is a relatively quick

process estimated to be completed within 120 days, recusal seems the better option.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE