IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER STEPHEN JACKSON, et al.,

        Plaintiffs,

vs.                                             CIV 87-0839 JP/KBM

LOS LUNAS CENTER FOR PERSONS with
DEVELOPMENTAL DISABILITIES, et al.,

        Defendants,
and

ARC of NEW MEXICO,

        Intervenors,
and

MARY TERRAZAS, et al.,

        Intervenors pro se.

## MEMORANDUM OPINION AND ORDER
## REGARDING DATABASE DISCOVERY DISPUTE

I previously summarized the history of this case in my July 26, 2018 Memorandum Opinion and Order *(Doc. 2223)*, and I will repeat here only what I find necessary to explain the instant discovery dispute. In that opinion, I found that Plaintiffs are entitled to limited discovery regarding DDSD waiver participants who are not *Jackson* class members. This limited discovery arises from the Tenth Circuit's remand of this case to Judge Parker with instructions that "the court should consider the broader question of whether the State is meeting the requirements of the Fourteenth Amendment and the Rehabilitation Act by means other than those stated in the consent decrees." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1206 (10th Cir. 2018).

In doing so, the court is to "make up-to-date findings" and if no violations of federal or constitutional law are found, "assess the durability of that compliance." *Id.* at 1207.

Thus, I found that in the area of supported employment, Plaintiffs may need some information about non-class members to demonstrate a continuing violation of Section 504 under the theory that the State's policies and practices discriminate against the more severely disabled while accommodating the needs of the less severely disabled. Specifically, certain databases were identified that could include relevant information to enable a comparison of the delivery of supported employment services to varying disability levels. I requested that the parties confer and obtain the necessary expertise to permit efficient disclosure of that information in a meaningful manner.

Plaintiffs seek each complete database to enable the tracking of data for each identified individual. They contend that disclosure pursuant to a qualified protective order will adequately guard the protected health information of the non-*Jackson* class members. Defendants disagree and point to HIPAA's directive that "[w]hen using or disclosing protected health information . . . [it] must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request." 45 C.F.R. § 164.502. Given this requirement, Defendants propose providing the databases without names or other unique identifiers to meet their HIPAA obligations. Plaintiffs call this proposal "unworkable, because plaintiffs need to be able to track unique individuals across multiple defendant agency databases. . . ." *Costanzo Letter of August 28, 2018* at 1.

The relevance of the non-class member data, however, lies in its comparison of groups, not individuals. The SIS score of each individual or the DVR "Significance of Disability Code" score provide an adequate assessment of disability level to enable grouping for meaningful

comparisons of the delivery of services. Plaintiffs fail to demonstrate "why the anonymized data would not allow for them to draw conclusions as to access" between the severely disabled group and less disabled group. In the absence of such a showing, I agree with Defendants that "specific data that can be tied to individuals [constitutes] an improper and unnecessary intrusion into the privacy rights of third parties and on balance the privacy rights of third parties should prevail over Plaintiffs['] speculative request for information not necessary to support their claims." *Grubel Letter of August 30, 2018* at 3.

Wherefore,

IT IS HEREBY ORDERED that Defendants may produce the databases in an anonymized format as long as they include a reliable indication of disability level for each individual.

_____
UNITED STATES MAGISTRATE JUDGE