## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

WALTER STEPHEN JACKSON, et al.,

     Plaintiff,

     vs.                                       Civ. No. 87-0839 JAP/KBM

LOS LUNAS CENTER FOR PERSONS
WITH DEVELOPMENTAL DISABILITIES, et al.,

     Defendants.

and

THE ARC OF NEW MEXICO,

     Intervenors,

and

MARY TERRAZAS, et al,

     Intervenors pro se

### MEMORANDUM OPINION AND ORDER

The Court has been asked to declare what the parties meant by the language they chose in preparing the Settlement Agreement (Doc. 2299-1). On April 18, 2019, during a hearing regarding initial approval of the Settlement Agreement and again on June 12, 2019, when final

approval was considered, the terms of the Settlement Agreement were thoroughly discussed.[1] On

June 21, 2019, the Court entered written approval of the Settlement Agreement.[2]

On September 22, 2020, Defendants filed DEFENDANTS' MOTION FOR

CLARIFICATION OF THE AGREEMENT (Doc. 2452) (Motion) asking the Court to enter an

order clarifying the terms of the Settlement Agreement. The Plaintiffs and Arc of New Mexico

(Arc) responded on October 9, 2020[3] and Defendants replied on October 29, 2020.[4] As phrased

by Defendants: "A dispute has arisen between the parties as to the date of final termination of the

Settlement Agreement and the appropriate time that the Court may enter an order of final

dismissal." Mot. (Doc. 2452) p. 1. The Court begins by noting that the parties expressly

acknowledged that the Court retains unbounded "inherent authority to interpret, clarify, modify,

or enforce the Settlement Agreement." ¶ 20.

The litigants' main dispute focuses on the working of the seventh sentence in ¶ 15 of the

Settlement Agreement. In an attempt to fathom the parties' intended meaning of the disputed

language, the Court has broken the sentence into subparts:

> The Defendants will [1] conduct the IQR process,— [a] with technical assistance
> from Lyn Rucker, [b] using a substantially similar sampling, protocol instrument,
> review, and data reporting methodology—through June 30, 2021, and [2]
> thereafter continue an individual quality review process, as a component of DHI's
> quality program management, consistent with DD Waiver Standards, Ch. 16,
> ¶ 16.10.

Defendants' first obligation under this sentence has a definite termination date of June 30, 2021;

whereas, Defendants' second requirement has no expressed temporal limit. Plaintiffs and Arc

contend that the mention of June 30, 2021 clearly envisioned Court oversight until that date. To

---

[1] *See* TRANSCRIPT OF MOTION HEARING ON JUNE 12, 2019 (Doc. 2408).
[2] *See* MEMORANDUM OPINION AND ORDER APPROVING SETTLEMENT AGREEMENT (Doc. 2299-1).
[3] *See* PLAINTIFFS' AND ARC OF NEW MEXICO'S RESPONSE TO DEFENDANTS' MOTION FOR
CLARIFICATION OF THE SETTLEMENT AGREEMENT (Doc. 2458).
[4] *See* DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION OF THE
SETTLEMENT AGREEMENT (Doc. 2466).

the contrary, Defendants posit that language in ¶ 17 ("The Defendants will implement all of the Actions set forth in Section III, *supra*, within eighteen months of the date of the Court's final approval of this Settlement Agreement") along with phraseology in ¶ 21 ("The Defendants may file a motion at any time requesting the Court to find that they have complied with all provisions of this Settlement Agreement and have maintained that compliance of all previously-disengaged Actions") anticipates termination of this lawsuit by December 21, 2020 if Defendants by then have been disengaged of all of their obligations.

Mindful of the directive by the United States Court of Appeals for the Tenth Circuit "to return control to state and local officials as soon as a violation of federal law has been remedied", *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1197 (10th Cir. 2018), the Court believes that the appropriate interpretation of the parties' accord is:

1. Defendants should implement all of the Section III Actions by December 20, 2020[5] (which is 34 days from now), but if they do not, they must strive to put all Section III Actions into effect as soon as possible. ¶ 17.

2. Until the case is dismissed, Defendants must maintain compliance with all disengaged Section III Actions. ¶ 17.

3. Until this case is dismissed, Defendants must provide to Plaintiffs and Arc, by the 15th day of the month following the end of each quarter, specific data demonstrating Defendants' reasonable progress in implementing each Section III Action that is not yet disengaged; and, the parties will continue to meet with the Honorable Karen Molzen, United States Magistrate Judge—at least two weeks after Defendants

---

[5] Although the Court held a final approval hearing on June 12, 2019, final approval was not confirmed in writing until June 21, 2020, so the 18-month termination date is December 21, 2020.

produce the specific data—to discuss the data and Defendants' progress and any obstacles to implementing each Section III Action. ¶ 18.

4. When Defendants believe they have substantially implemented an Action, they may give notice to Plaintiffs and Arc setting forth the basis of their belief and a statement of facts supporting their claimed compliance with the Section III Action. ¶ 19.

5. After thirty days of giving notice regarding implementation of an Action, Defendants may file a motion requesting disengagement of the Section III Action. ¶ 19. (The procedure described in ¶ 19 for resolving a disputed motion does not appear to be contested).

6. Once Defendants think they have complied with all provisions of the Settlement Agreement, and have maintained their compliance with previously disengaged Section III Actions, Defendants may file a motion—with sufficient information to allow the Plaintiffs and Arc to make an informed decision regarding compliance and sustained compliance—seeking a finding of full compliance and requesting dismissal of this case. If this is contested, a party may ask the Court to hold a hearing and to make findings and conclusions. ¶ 21.

7. Defendants will use the technical assistance of the former Community Monitor, Lyn Rucker[6] through June 30, 2021 in conducting the IQR process, but the Defendants' commitment to benefit from her technical expertise until that date does not mean Defendants cannot, until June 30, 2021, seek under ¶ 21 full disengagement of all Section III Actions and a dismissal of this lawsuit. In the seventh sentence of ¶ 15

---

[6] The Court compliments the parties for engaging Lyn Rucker's technical assistance through June 30, 2021 to help move the IQR process forward. For many years, the Jackson Class Members, the parties, and the Court have benefited greatly from Lyn Rucker's specialized activities in this case. The Court expresses sincere gratitude to her for all she has done.

Defendants committed to doing two things (1) conduct the IQR process through June 20, 2021 using Lyn Rucker's technical assistance and a "substantially similar sampling, protocol instrument, review and data reporting methodology" and (2) thereafter continue an IQR process managed by DHI consistent with DD Waiver Standards. The subject of this sentence is the future management of the IQR process; the sentence does not address Section III actions compliance and disengagement or when Defendants may move to dismiss this action.

It is ORDERED that: Defendants' MOTION FOR CLARIFICATION OF THE SETTLEMENT AGREEMENT (Doc. 2452) is GRANTED, subject to the interpretation of the Settlement Agreement (Doc. 2299-1) set forth above.


_____
SENIOR UNITED STATES DISTRICT JUDGE